UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| NICHOLAS KNOPICK, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 3:16-CV-256 JD |
| JAYCO, INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Nicholas Knopick purchased a recreational vehicle at a price of over $400,000. Instead of purchasing the RV in his own name, though, he purchased and titled it in the name of a limited liability company that he registered in Montana. That maneuver saved him tens of thousands of dollars in sales taxes. Unfortunately for him, it also voided his warranty, which expressly excluded coverage for RVs purchased or titled in the name of a business. That undisputed fact is fatal to the claims he brought in this action against Jayco, Inc. for breach of warranty. Accordingly, the Court grants Jayco's motion for summary judgment.

## I. FACTUAL BACKGROUND

Plaintiff Nicholas Knopick arranged to buy an Entegra Coach Cornerstone RV, manufactured by defendant Jayco, Inc. He negotiated the purchase at a dealership in Florida, but he finalized the purchase and took delivery of the RV at another dealership in Des Moines, Iowa. Though documents were prepared at the Florida dealership in Mr. Knopick's own name, he did not complete the purchase or take title in his own name. Instead, he purchased the RV in the name of Montana Freedom Rider, LLC, a Montana limited liability company of which he was the sole member. A Montana title was thus issued for the RV listing Montana Freedom Rider, LLC as the owner. The warranty registration likewise names Montana Freedom Rider, LLC as

the owner. Mr. Knopick also admits that Montana Freedom Rider, LLC is the owner of and holds title to the RV.

The RV came with a two-year limited warranty covering defects in materials or workmanship. However, the warranty also set forth a number of circumstances in which coverage would be excluded or the warranty would be voided. Under the heading of "What is Not Covered" (which is set in bold, all-caps font), the warranty states:

> [T]his limited warranty does not cover . . . any RV used for rental or other commercial purposes (Note: It shall be concluded that the RV has been used for commercial and/or business purposes if the RV owner or user files a tax form claiming any business or commercial tax benefit related to the RV, or if the RV is purchased, registered or titled in a business name)[.]

[DE 83-1 p. 10]. The next section, under the heading of "Events Discharging Entegra from Obligation under Warranty," states that "[c]ertain things completely discharge Entegra from any obligation under this warranty and void it." *Id.* p. 13. One such event is "any rental or other commercial use or purchase of the RV (as defined in this warranty)." *Id.*

After taking delivery of the RV in Iowa, Mr. Knopick drove it back to Jayco's factory in Indiana, where Jayco performed repairs on the RV. Mr. Knopick alleges, though, that a number of defects remained that Jayco failed to correct. He therefore filed this action, asserting a breach of the express written warranty. He initially filed this action in state court in Florida, but Jayco removed the case to federal court in the Southern District of Florida. That court then granted Jayco's motion to transfer venue to the Northern District of Indiana. Jayco has now moved for summary judgment, and that motion is fully briefed.

## II. STANDARD OF REVIEW

Summary judgment is proper when the movant shows that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the

2

suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *King v. Preferred Tech. Grp.*, 166 F.3d 887, 890 (7th Cir. 1999).

### III. DISCUSSION

Mr. Knopick asserts two claims in this action. The first is a claim for breach of an express warranty, arising under state law. The second claim also asserts a breach of an express warranty, but arises under the Magnuson Moss Warranty Act. As to limited warranties like the one here, though, the Magnuson Moss Warranty Act does not create substantive rights, but merely provides a federal cause of action to enforce warranties in federal court, borrowing state law causes of action. *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011). Thus, both claims boil down to whether Jayco breached an express warranty under state law. *Id*. ("[F]or all practical purposes, the MMWA operates as a gloss on the [plaintiffs'] state law breach of warranty claims.").

A claim for a breach of warranty requires a plaintiff to show that a warranty existed, that the defendant breached the warranty, and that the breach was the proximate cause of the loss. *Irmscher Suppliers, Inc. v. Schuler*, 909 N.E.2d 1040, 1048 (Ind. Ct. App. 2009) (applying Indiana law); *Swan Lake Holdings, LLC v. Yamaha Golf Cart Co.*, No. 3:09-cv-228, 2010 WL

3

3894576, at *3 (N.D. Ind. Sept. 27, 2010).[1] Mr. Knopick's claims are based solely on the express written warranty, so he must show that Jayco failed to comply with the terms of that warranty. *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1231 (S.D. Fla. 2014) (stating that under Florida law, "there can be no cause of action for breach of an express limited warranty unless the consumer can allege and prove that the manufacturer did not comply with the limited express warranty's terms."); *Aprigliano v. Am. Honda Motor Co., Inc.*, 979 F. Supp. 2d 1331, 1339 (S.D. Fla. 2013) (applying Florida law) ("A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty."). In moving for summary judgment, Jayco's principal argument is that it could not have breached any obligations under the warranty because the warranty expressly excludes coverage if an RV is purchased or titled in a business name, and the RV at issue here was purchased and titled in the name of Montana Freedom Rider, LLC.

The warranty details a number of circumstances in which coverage is excluded or the warranty is voided. Under the heading of "What is Not Covered," the warranty states:

> [T]his limited warranty does not cover . . . any RV used for rental or other commercial purposes (Note: It shall be concluded that the RV has been used for commercial and/or business purposes if the RV owner or user files a tax form claiming any business or commercial tax benefit related to the RV, or *if the RV is purchased, registered or titled in a business name*)[.]

[DE 83-1 p. 10 (emphasis added)]. The warranty further states that "any rental or other commercial use or purchase of the RV (as defined in this warranty)" can void the warranty and discharge any obligations under it. [DE 83-1 p. 11].

---

[1] As to other of the arguments that Jayco raises, which the Court need not reach, the parties dispute whether Florida law or Indiana law governs Mr. Knopick's claims. However, neither party identifies any differences in the state laws as to the applicability or enforceability of these exclusions, so the Court need not reach the choice-of-law analysis as to this issue.

4

Mr. Knopick does not contend that these exclusions are unenforceable for any reason, but argues only that there is a genuine dispute of fact as to whether they apply. The Court disagrees, as it is undisputed that the RV was purchased by and titled in the name of Montana Freedom Rider, LLC. The Certificate of Title for the RV, issued by the State of Montana, names Montana Freedom Rider, LLC as the owner. The Warranty Registration and Customer Delivery Form that was returned to Jayco upon delivery of the RV likewise lists Montana Freedom Rider, LLC as the owner. Multiple affidavits also state that Montana Freedom Rider, LLC was the party that purchased the RV from the dealer. Mr. Knopick does not dispute any of those facts. To the contrary, he admitted in response to requests for admissions that "Montana Freedom Rider, LLC holds title ownership" of the RV, and that the RV "has a Montana certificate of title, in the name of Montana Freedom Rider, LLC." [DE 83-4].

Despite these undisputed facts, Mr. Knopick argues that there is a genuine dispute as to whether the warranty exclusions apply because Jayco did perform repairs on the RV after he purchased it. After he took delivery of the RV at the dealership in Iowa, Mr. Knopick drove the RV to Jayco's factory in Indiana, where Jayco performed repairs. Mr. Knopick argues that because Jayco performed those repairs free of charge and did not invoke the warranty exclusion, there must be a question as to whether the exclusion actually applies. However, none of that changes the undisputed facts that Montana Freedom Rider, LLC purchased and holds title to the RV—facts that Mr. Knopick openly concedes. [DE 84 p. 6 (referring to the "undisputed title ownership of the vehicle in the entity Montana Freedom Rider, LLC")]. As just noted, the warranty excludes coverage for any RV used for "commercial purposes," and further states that it "shall be concluded" that an RV was used for commercial purposes if it "is purchased, registered or titled in a business name." The RV here was purchased and titled in the name of

5

Montana Freedom Rider, LLC,[2] a business name, so by the warranty's definition, the RV was used for commercial purposes and thus is not covered by the warranty. *Nicholson v. Jayco, Inc.*, No. 5:15-cv-2010, 2016 WL 5463215, at *9–11 (N.D. Ohio Sept. 29, 2016) (holding in similar circumstances that this same warranty exclusion applied and was enforceable).

Mr. Knopick's factual discussion resembles an argument that Jayco waived the exclusion by repairing the RV. However, Mr. Knopick does not actually make that argument, or cite any authority in support of such an argument. In addition, the warranty expressly states that such repairs will not constitute waivers of any exclusions: "Any performance of repairs . . . regarding anything excluded from coverage under this limited warranty shall be considered 'good will' repairs, and they will not alter the express terms of this limited warranty." [DE 83-3 p. 13]. Thus, the fact that Jayco performed repairs on the RV does not create a genuine dispute as to whether the exclusion applies. In short, the RV was purchased and titled in the name of a business, and the warranty expressly excludes coverage for such an RV. Thus, Jayco did not breach any obligations under the warranty, and Mr. Knopick's claims for breach of warranty fail. The Court therefore grants the motion for summary judgment. Jayco's two other pending motions, including a motion to strike expert testimony and a motion to enforce a discovery order,[3] are thus denied as moot.

---

[2] Indeed, since the RV is actually owned by Montana Freedom Rider, LLC, any claim for a breach of the warranty would likely have to be brought by that entity, which is a not a party to this action, not by Mr. Knopick. But because summary judgment is being granted on the merits, the Court need not also consider whether Mr. Knopick is a proper party to assert these claims.

[3] The motion to enforce the discovery order is moot as to its substantive request to require Mr. Knopick to produce his tax records. To the extent Jayco independently seeks its attorneys' fees in bringing the motion, the Court finds such an award of fees is not warranted under the circumstances. Jayco did not file the motion until the motion for summary judgment was fully briefed, and the tax records it sought were relevant to the applicability of the warranty's coverage exclusion, as to which the facts were already undisputed. Also, Mr. Knopick did identify his tax preparers, which was contemplated both in the Court's order and by the parties at a status

## IV.  CONCLUSION

The Court GRANTS Jayco's motion for summary judgment, [DE 82], and DENIES AS MOOT the motion to strike expert testimony [DE 49] and the motion to enforce a discovery order [DE 89]. The Clerk is DIRECTED to enter judgment.

SO ORDERED.

ENTERED:  May 22, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court

---

conference as an alternative means of disclosing the tax records. And since this case is being closed on summary judgment, an award of attorneys' fees is not warranted on a motion that is substantively moot.